■ In the Matter of the Dissolution of Superior Vending, LLC, Respondent. Arik Tal, Appellant; Peter Plotkin, Respondent. [898 NYS2d 191]—

In a special proceeding pursuant to Limited Liability Company Law § 702, inter alia, to dissolve Superior Vending, LLC, the petitioner, Arik Tal, appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Scheinkman, J.), entered July 23, 2008, as, upon a decision of the same court entered June 6, 2008, made after a hearing, directed the respondent Peter Plotkin to pay the principal sum of only $256,549.43 to purchase his membership interest in Superior Vending, LLC, and denied that branch of the petition which was for an accounting and interim distributions.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In 1997 Peter Plotkin incorporated a vending machine company that distributed beverages and snacks to businesses, schools, and hospitals throughout the New York City metropolitan area. In 2000 Arik Tal helped Plotkin to acquire a second vending machine company. Specifically, Tal paid a down payment in the sum of $170,000 and executed a promissory note pursuant to which he agreed to pay the remaining balance of the purchase price in monthly installments. Although Plotkin and Tal formed a limited liability company known as Superior Vending, LLC (hereinafter Superior), to operate the business, they never executed an operating agreement.

Plotkin and Tal, in effect, terminated their business relationship in November 2002. Although Tal initially commenced an action in March 2003, inter alia, to dissolve Superior, he failed to pursue the dissolution claim. That action was marked off the trial calendar in May 2004, and dismissed in May 2005. Meanwhile, Plotkin continued to operate and expand the vending machine business. In June 2007 Tal commenced the instant

proceeding pursuant to Limited Liability Company Law § 702, inter alia, to dissolve Superior and recover his share of Superior's assets and interim distributions.

Although Tal and Plotkin consented to the dissolution of Superior, they disagreed about the distribution of the assets. After a six-day hearing in March 2008, the Supreme Court determined, based on Limited Liability Company Law § 704 (c), that Tal was entitled to recover his initial investment in the amount of $170,000, plus $99,320.86 for the 26 payments that he made on the promissory note. The Supreme Court reduced Tal's recovery by the sum of $12,771.43, upon finding in favor of Plotkin on Plotkin's counterclaim for 50% of the money that Tal had misappropriated from Superior.

Although the Limited Liability Company Law does not expressly authorize a buyout in a dissolution proceeding, the Supreme Court properly determined that the most equitable method of liquidation in this case was to provide Plotkin a period of 45 days within which to purchase all of Tal's right, title, and interest in Superior for the principal sum of $256,549.43, plus 9% interest from November 22, 2002 (see Lyons v Salamone, 32 AD3d 757, 758 [2006]). This approach, which excluded an award of interim distributions made by Superior after November 2002, allowed Tal to recover his investment plus a reasonable return on that investment with respect to his membership interest in Superior, which terminated in November 2002.

Tal failed to establish his entitlement to an accounting. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur. **[Prior Case History: 20 Misc 3d 1103(A), 2008 NY Slip Op 51205(U).]**