■ WHITE PLAINS EQUITIES ASSOCIATES, INC., Respondent, v VISTA DEVELOPERS CORP., Appellant. [918 NYS2d 484]—

The parties' written agreement for the purchase and sale of certain real property is ambiguous in pertinent part and, therefore, cannot be construed as a matter of law. Accordingly, absent a more fully developed record containing parol evidence of the parties' intentions at the time of contracting, neither party is entitled to summary judgment declaring whether defendant buyer validly exercised a right of termination conferred on it by the agreement. The issues to be resolved in further proceedings upon remand include, at a minimum, the following: (1) whether the seller's service of the notice of the status of negotiations with tenants for the surrender of their leases or of possession of their premises under section 4.3 (B) was a condition precedent to the expiration of the buyer's time in which to exercise its right under section 4.3 (A) to cancel the agreement "[f]or any reason or for no reason at all . . . within five (5) business days after the expiration of the [60-day] Due Diligence Period" following execution of the agreement; and (2) whether the buyer's right to cancel the agreement under section 4.3 (B) (d) based on the refusal of more than five tenants to surrender their leases or vacate their premises by a certain time was dependent on the seller's prior exercise of the right under section 4.3 (B), "at [s]eller's sole option, . . . to terminate this Agreement during [the 60-day] Seller's Negotiation Period" following execution of the agreement. Given the apparent contradictions and redundancies within the relevant portions of the agreement, and the indeterminacy of the relationship between various provisions at issue, a more fully developed evidentiary rec-

ord must be assembled before the agreement can be authoritatively construed, either on a future summary judgment motion or at trial. Concur—Tom, J.P., Friedman, McGuire, Acosta and Román, JJ.