■ RONALD MIZRAHI, Appellant-Respondent, v EZRA COHEN, Respondent-Appellant. [961 NYS2d 538]—

In an action, inter alia, to recover damages for breach of fiduciary duty and breach of contract, and for the judicial dissolution of the subject limited liability company, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated January 12, 2012, as, after a nonjury trial, directed dismissal of the causes of action to recover damages for breach of fiduciary duty and breach of contract, and denied, in effect, his application for an order authorizing him to purchase the defendant's interest in the limited liability company upon its dissolution, and the defendant cross-appeals, as limited by his brief, from so much of the same order as granted, in effect, the plaintiff's application for judicial dissolution of the limited liability company and directed that, upon dissolution, certain contributions of the plaintiff to the limited liability company are to be treated as loans to the limited liability company.

Ordered that on the Court's own motion, the notices of appeal and cross appeal are treated as applications for leave to appeal and cross-appeal, and leave to appeal and cross-appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying, in effect, the plaintiff's application for an order authorizing him to purchase the defendant's interest in the limited liability company upon its dissolution, and substituting therefor a provision directing that the plaintiff may purchase such interest within 60 days after a determination by the Supreme Court as to the value of such interest; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings and for a determination thereafter as to the value of the defendant's interest in the limited liability company.

The plaintiff and the defendant are the sole members of a limited liability company (hereinafter LLC). The plaintiff is a dentist and the defendant is an optometrist. The LLC was formed for the purpose of the construction and operation of a mixed-use commercial/residential building. The parties did not initially execute an LLC operating agreement (hereinafter LLC agreement). In 2000, several months after the LLC was formed, the parties purchased a parcel of real property, upon which they intended to construct the building. At the closing of title, the property seller or lender required an LLC agreement. The attorney who represented both the plaintiff and defendant at the closing then drafted an LLC agreement.

The LLC agreement provided that the parties each own a 50% membership interest in the company. However, the LLC agreement did not set forth the amount of the parties' initial capital contributions. The LLC agreement also provided that, after the "initial capital contributions" by the parties, no member would be required to contribute additional capital unless required by a vote of all of the members of the company. The LLC agreement provided that no member "shall have the right to receive any return of any Capital Contribution," subject to certain exceptions that are not relevant here. The LLC agreement provided that the LLC may be dissolved only upon the happening of certain specified events. Upon dissolution, the assets were to be distributed first to creditors of the LLC, and then to the members, in proportion to their respective ownership shares.

The parties contributed approximately equal funds toward the down payment on the parcel of real property. The construction of the building was largely financed by a construction loan. At some point, the parties refinanced that loan and obtained a mortgage loan. In 2006, the construction was completed, and both parties moved their professional offices into the building.

Through approximately 2003, the parties made approximately equal capital contributions to the LLC. After that, however, the contributions by the plaintiff greatly exceeded those of the defendant. It is undisputed that, over time, the plaintiff contributed approximately $1.4 million in capital to the company, while the defendant contributed approximately $317,000 in capital to the company. At a hearing, an accountant for the LLC testified that the LLC experienced net operating losses in each year from 2006 through 2010, and through the first half of 2011, when the hearing was held. The accountant testified, inter alia, that the LLC would have failed, if not for the use of proceeds of the mortgage loan and capital infusions by the plaintiff, which were used to cover its operating expenses.

The plaintiff commenced this action, inter alia, to recover damages for breach of fiduciary duty and breach of contract, and for the judicial dissolution of the LLC. The plaintiff also sought an order authorizing him to purchase the defendant's interest in the LLC upon its dissolution.

The Supreme Court did not err in directing dismissal of the cause of action to recover damages for breach of fiduciary duty. Contrary to the plaintiff's contention, that cause of action was not properly brought in the plaintiff's individual capacity (*see Abrams v Donati*, 66 NY2d 951, 952 [1985]; *Yudell v Gilbert*, 99 AD3d 108, 113-114 [2012]; *Hahn v Stewart*, 5 AD3d 285, 286 [2004]; *see also Tzolis v Wolff*, 10 NY3d 100 [2008]).

Contrary to the defendant's contention, the LLC agreement is ambiguous and, therefore, parol evidence of the parties' course of dealing is admissible to supplement and interpret the terms of that agreement (*see Goldman Sachs Group, Inc. v Almah LLC*, 85 AD3d 424, 426-427 [2011]; *White Plains Equities Assoc., Inc. v Vista Devs. Corp.*, 82 AD3d 569 [2011]; *Foot Locker, Inc. v Omni Funding Corp. of Am.*, 78 AD3d 513, 515 [2010]). Further, the evidence of the parties' conduct with respect to capital contributions did not constitute a prior oral agreement or an impermissible oral modification of the contract.

Nevertheless, the Supreme Court did not err in directing dismissal of the cause of action to recover damages for breach of contract. Even considering the evidence of the parties' conduct regarding capital contributions, the plaintiff failed to establish the existence of a binding agreement as to the parties' responsibility for such contributions. Therefore, the plaintiff failed to show a breach of any such agreement (*see Schaffe v SimmsParris*, 82 AD3d 867, 867-868 [2011]; *Mode Contempo, Inc. v Raymours Furniture Co., Inc.*, 80 AD3d 464 [2011]; *Wild v Hayes*, 68 AD3d 1412, 1414 [2009]).

The Supreme Court did not err in granting, in effect, the plaintiff's application for judicial dissolution of the LLC. Under the circumstances presented, it is not reasonably practicable for the LLC to continue to operate, as continuing the LLC is financially unfeasible (*see* Limited Liability Company Law § 702; *see also Matter of 1545 Ocean Ave., LLC*, 72 AD3d 121, 131 [2010]).

Contrary to the defendant's contention, the Supreme Court did not err in determining that if the assets of the company are to be liquidated, then the capital contributions of the plaintiff are to be treated as loans to the LLC to the extent that those contributions exceeded those made by the defendant. Although the LLC agreement provided that a member does not have the right to receive any return of capital contributions, the LLC agreement also provided for the repayment of debts of the LLC upon dissolution. The record, including an affidavit submitted by the defendant, establishes that the parties intended that the capital contributions by the plaintiff were to be treated as loans to the LLC to the extent that those contributions exceeded those made by the defendant. In addition, the LLC agreement is silent as to the issue of equalization of capital contributions. Under these circumstances, the Supreme Court did not err in directing that such contributions are to be treated as loans to the LLC (*see* Limited Liability Company Law §§ 702, 704 [c]; *Matter of KSI Rockville v Eichengrun*, 305 AD2d 681 [2003]).

The Supreme Court should have granted, in effect, the plaintiff's application for an order authorizing him to purchase the defendant's interest in the LLC upon its dissolution. The Limited Liability Company Law "does not expressly authorize a buyout in a dissolution proceeding" (*Matter of Superior Vending, LLC [Tal—Plotkin]*, 71 AD3d 1153, 1154 [2010]). Nonetheless, in certain circumstances, a buyout may be an appropriate equitable remedy upon the dissolution of an LLC (*see id.*). Under the facts of this case, the remedy of a buyout by the plaintiff is appropriate (*see id.*). Contrary to the defendant's contention, the provisions of the LLC agreement regarding dissolution of the LLC do not preclude an order authorizing a buyout upon the judicial dissolution of the LLC pursuant to Limited Liability Company Law § 702 (*see* Limited Liability Company Law § 702; *see also Matter of Superior Vending, LLC [Tal—Plotkin]*, 71 AD3d at 1154). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for further proceedings and for a determination thereafter as to the value of the defendant's interest in the LLC. Eng, P.J., Rivera, Lott and Miller, JJ., concur. **[Prior Case History: 34 Misc 3d 1210(A), 2012 NY Slip Op 50030(U).]**