██ ALEXANDER GLIKLAD, Respondent, v MICHAEL CHERNEY, Appellant. [20 NYS3d 1]—

Judgment, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered April 15, 2014, awarding plaintiff a sum of money including interest, unanimously modified, on the law, to vacate the award of prejudgment interest, calculated from August 31, 2004 until March 26, 2014, and remand the matter for the calculation of prejudgment interest from July 24, 2009, and otherwise affirmed, without costs. Appeals from order, same court and Justice, entered April 11, 2014, which granted plaintiff's motion for summary judgment in lieu of complaint, and denied defendant's cross motion to lift the stay of discovery, and order, same court and Justice, entered August 26, 2014, which denied defendant's motion for leave to renew plaintiff's motion, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

Plaintiff submitted proof of the incomplete executed promissory note containing an obligation to repay and the subsequent documentation (an attachment and an addendum) that completed the note, and evidence that defendant did not pay, and defendant failed to raise a triable issue with respect to a bona fide defense (see Quadrant Mgt. Inc. v Hecker, 102 AD3d 410 [1st Dept 2013]). No issues of material fact exist as to the defense under UCC 3-115 (2) and 3-407 that plaintiff was not properly authorized to fill in the blanks in the note by identifying himself as the lender and defendant as the borrower. Plaintiff was authorized to fill in the blanks in this manner pursuant to the addendum signed by defendant. No ambiguity exists as to the scope of the authorization so as to require a review of extrinsic evidence of the parties' intent (see DDS Partners v Celenza, 6 AD3d 347, 349 [1st Dept 2004]).

In an action on a promissory note, CPLR 5001 permits a creditor to recover prejudgment interest from the date on which each payment of principal or interest became due under the terms of the note until the date on which liability is established (Spodek v Park Prop. Dev. Assoc., 96 NY2d 577 [2001]). If a promissory note does not contain an interest provision but is payable on demand, then interest accrues from the date of the demand, at the statutory rate for a judgment (see Hestnar v Schetter, 284 AD2d 499, 501 [2d Dept 2001], citing Van Vliet v

*Kanter*, 139 App Div 603 [1st Dept 1910]; *Paully v Harrison*, 35 AD2d 543 [2d Dept 1970], *appeal dismissed* 27 NY2d 745 [1970]). The only record evidence as to a demand for payment by plaintiff under the note is a demand letter dated July 24, 2009. Thus, July 24, 2009 is the date from which the prejudgment interest should be calculated. Concur—Gonzalez, P.J., Friedman, Gische and Kapnick, JJ.