■ KEITH DOYLE, Appellant, v ICON, LLC, Doing Business as "R BAR," et al., Respondents. [24 NYS3d 602]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about December 19, 2014, which, to the extent appealed from, denied plaintiff's motion for summary judgment as to liability on his claims for conversion and unjust enrichment, unanimously affirmed, without costs.

Triable issues of fact as to the nature of plaintiff's interest in defendant Icon, LLC, if any, at the relevant time preclude summary judgment in his favor on his causes of action for conversion and unjust enrichment (*see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]; *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]).

Contrary to plaintiff's contention, the Limited Liability Company Law, to which Icon is subject in the absence of a written operating agreement (*see Matter of Eight of Swords, LLC*, 96 AD3d 839 [2d Dept 2012]), does not preclude the members of an informally operated limited liability company from unanimously agreeing upon a course of conduct when faced with extensive losses. Unlike in *Mizrahi v Cohen* (104 AD3d 917, 920 [2d Dept 2013], *lv dismissed* 21 NY3d 968 [2013]), upon which plaintiff relies, the record does not establish that the parties intended to treat defendant Sean

Cunningham's infusion of capital as a loan. To the contrary, the individual defendants testified that, at a capital call meeting held in April 2006, plaintiff voluntarily withdrew from or abandoned his interest in Icon. Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ. ▮