██ In the Matter of Nissim Kassab, Appellant, v Avraham Kasab, Respondent, et al., Defendants. [27 NYS3d 680]—

In a hybrid proceeding, inter alia, pursuant to Limited Liability Company Law § 702 for the judicial dissolution of a limited liability company, and action, among other things, to recover damages for breach of fiduciary duty and for rescission, the petitioner/plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated February 10, 2015, as granted those branches of the motion of the respondent/defendant Avraham Kasab which were pursuant to CPLR 3211 (a) (7) to dismiss the eighth, ninth, and tenth causes of action in the amended petition/complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2001, Nissim Kassab (hereinafter the petitioner), and his brother, Avraham Kasab (hereinafter the respondent), formed a

limited liability company, Mall 92-30 Associates, LLC (hereinafter the LLC), in which the respondent had a 75% membership interest and the petitioner had a 25% membership interest. In 2013, the petitioner commenced this hybrid proceeding, inter alia, pursuant to Limited Liability Company Law § 702 for the judicial dissolution of the LLC, and action, among other things, for declaratory relief. In an order dated March 12, 2014, the Supreme Court, inter alia, granted that branch of the respondent's motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action for judicial dissolution of the LLC for failure to state a cause of action. In a companion appeal, this Court is affirming that portion of that order (*see Matter of Kassab v Kasab*, 137 AD3d 1135 [2016] [decided herewith]).

In April 2014, the petitioner filed an amended petition/complaint, adding an eighth cause of action, which was for an "equitable buyout" of his interest in the LLC, a ninth cause of action, which was for rescission of the LLC's operating agreement, and a tenth cause of action, which was, inter alia, to recover damages for breach of fiduciary duty, to remove the respondent from managing the LLC and Corner 160 Associates, Inc. (hereinafter Corner), a corporation in which the petitioner and the respondent were the sole shareholders, and to compel the sale of property owned by the LLC and Corner. Thereafter, the respondent moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the eighth, ninth, and tenth causes of action in the amended petition/complaint. In an order dated February 10, 2015, the Supreme Court, among other things, granted those branches of the motion. The petitioner appeals.

Contrary to the Supreme Court's determination, its prior determination in the order dated March 12, 2014, did not preclude consideration of the new causes of action asserted in the amended petition/complaint, that is, the eighth, ninth, and tenth causes of action. Nevertheless, the court properly granted those branches of the respondent's motion which were pursuant to CPLR 3211 (a) (7) to dismiss those causes of action.

In deciding a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, a court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference, and determine only whether the factual allegations fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Rosner v Amazon.com*, 132 AD3d 835, 836 [2015]).

Here, accepting as true the facts alleged in the petition/complaint and according the petitioner the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87), the petitioner failed to state a cause of action for an "equitable buyout" of his interest in the LLC. While "[t]he Limited Liability Company Law 'does not expressly authorize a buyout in a dissolution proceeding' " (Mizrahi v Cohen, 104 AD3d 917, 920 [2013], quoting Matter of Superior Vending, LLC [Tal—Plotkin], 71 AD3d 1153, 1154 [2010]), "in certain circumstances, a buyout may be an appropriate equitable remedy upon the dissolution of an LLC" (Mizrahi v Cohen, 104 AD3d at 920 [emphasis added]). Here, since this Court has determined, in a companion appeal, that the petitioner failed to state a cause of action for the judicial dissolution of the LLC pursuant to Limited Liability Company Law § 702, there is no basis to invoke the equitable remedy of a buyout (see Matter of Kassab v Kasab, 137 AD3d 1135 [2016]). Accordingly, the Supreme Court properly granted that branch of the respondent's motion which was to dismiss the eighth cause of action for failure to state a cause of action.

Additionally, the Supreme Court properly determined that the petitioner failed to state a cause of action for rescission of the LLC's operating agreement. "As a general rule, rescission of a contract is permitted 'for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual, or technical breach, but . . . only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract' " (RR Chester, LLC v Arlington Bldg. Corp., 22 AD3d 652, 654 [2005], quoting Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284 [1910]; see Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 134 AD3d 811 [2015]). Here, the petitioner failed to allege facts which, if true, would show that the respondent's alleged breach of the operating agreement substantially defeated the purpose of the agreement (see Jacobs Private Equity, LLC v 450 Park LLC, 22 AD3d 347 [2005]). Accordingly, the Supreme Court properly granted that branch of the respondent's motion which was to dismiss the ninth cause of action for failure to state a cause of action.

Furthermore, the Supreme Court properly granted that branch of the respondent's motion which was to dismiss the tenth cause of action. The petitioner failed to state a cause of action to recover damages for breach of fiduciary duty (see Daly v Kochanowicz, 67 AD3d 78, 96-97 [2009]). The petitioner also

failed to allege any basis to remove the respondent from the management of the LLC and Corner, or to compel the sale of property owned by those entities in the absence of the dissolution of those entities.

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted those branches of the respondent's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the eighth, ninth, and tenth causes of action in the amended petition/complaint. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.