■ ROBERT SHAPIRO, Appellant, v GABRIEL ETTENSON et al., Respondents. [45 NYS3d 439]—

Order and judgment (one paper), Supreme Court, New York County (Kelly O'Neill Levy, J.), entered September 2, 2015, insofar as appealed from as limited by the briefs, declaring, inter alia, that nonparty ENS Health, LLC's operating plan is valid, that the capital call was valid, and that defendants were authorized to reduce plaintiff's salary by majority vote, unanimously modified, on the law, to vacate the declaration that defendants were authorized to set their own salaries and reduce plaintiff's salary by majority vote, and otherwise affirmed, without costs.

Plaintiff argues that ENS Health, LLC's operating agreement is invalid because its adoption was not unanimous. However, Limited Liability Company Law § 402 (c) provides that the operating agreement may be adopted by "the vote of a majority in interest of the members entitled to vote thereon." Plaintiff contends that the parties had an oral agreement regarding unanimity on this issue. However, Limited Liability Company Law § 417 requires a written operating agreement, and where there is no operating agreement or the operating agreement fails to address issues in dispute, the default provisions under the Limited Liability Company Law govern (see e.g. Limited Liability Company Law §§ 401 [a]; 408 [a]; Doyle v Icon, LLC, 135 AD3d 642 [1st Dept 2016]; Matter of Eight of Swords, LLC, 96 AD3d 839 [2d Dept 2012]).

As the operating agreement explicitly provides that a member's participating interest may be reduced proportionally if the member fails to make a requested additional capital contribution, defendants were acting in accordance with the agreement when they issued their "Notice of Call for Additional Capital Contributions from Members."

However, the defendants' action in setting salaries for themselves and setting plaintiff's salary at zero is precluded by section 9.01 of the operating agreement.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ. ■