SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1131**
**CA 16-00569**
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

CLINTON STREET SOMA PROJECT, LLC,
PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

RAPID RESPONSE MONITORING SERVICES, INC.,
DEFENDANT-APPELLANT.

---

HANCOCK ESTABROOK, LLP, SYRACUSE (JAMES P. YOUNGS OF COUNSEL), FOR
DEFENDANT-APPELLANT.

FRANKLIN A. JOSEF, FAYETTEVILLE, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered August 19, 2015.  The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Defendant signed a five-year lease for a residential loft in an industrial building in the City of Syracuse that plaintiff was in the midst of converting.  When defendant did not ultimately take possession of the unit, plaintiff commenced the instant action for the full balance of rent owing under the lease term.  Defendant moved for summary judgment dismissing the complaint, arguing that the lease was void *ab initio* because plaintiff failed to satisfy a condition precedent, namely, obtaining defendant's pre-approval for all designs, materials, and finishes in the loft.  Alternatively, defendant sought partial summary judgment limiting the damages sought by plaintiff.  Supreme Court denied the motion, and we affirm.

We conclude that defendant failed to meet its initial burden of proving that, as a condition precedent to enforceability of the lease, plaintiff was obligated to secure its approval for all designs, materials, and finishes in the loft (*see generally Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 196-197).  Although defendant's obligation to pay rent was conditioned on its approval of the "building plans," nothing in the lease equates "building plans" with all specifications for designs, materials and finishes.  Indeed, the lease does not provide any definition of the critical term "building plans," and one could certainly interpret that term to encompass only the unit's floor plan, which defendant indisputably saw and approved before construction commenced.  Thus, given the ambiguity in the lease

concerning the extent of defendant's approval rights over designs, materials, and finishes, and given the lack of parol evidence sufficient to authoritatively construe the ambiguous term "building plans" as a matter of law, we conclude that the court properly denied the motion (*see White Plains Equities Assoc., Inc. v Vista Devs. Corp.*, 82 AD3d 569, 569).

Since it "remains to be determined whether . . . the [lease]" is void *ab initio* in light of the alleged condition precedent, we decline, "in effect, to render an advisory opinion concerning the availability of [particular forms of] damages" (*Matter of Flintlock Constr. Servs., LLC v Weiss*, 122 AD3d 51, 54, *appeal dismissed* 24 NY3d 1209; *see Madison 96th Assoc., LLC v 17 E. 96th Owners Corp.*, 120 AD3d 409, 411).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court