PFT Tech., LLC v Wieser (2020 NY Slip Op 01942)





PFT Tech., LLC v Wieser


2020 NY Slip Op 01942


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01757
 (Index No. 8679/12)

[*1]PFT Technology, LLC, plaintiff/counterclaim defendant-respondent-appellant, 
v
Robert Wieser, defendant/counterclaim plaintiff-appellant-respondent; Patrick Keelan, et al., counterclaim defendants-respondents- appellants.


Dorsey & Whitney LLP, New York, NY (Christopher G. Karagheuzoff and Daniel P. Goldberger of counsel), for defendant/counterclaim plaintiff-appellant-respondent.
McCarter & English, LLP, New York, NY (William D. Wallach of counsel), for plaintiff/counterclaim defendant-respondent-appellant and counterclaim defendants-respondents-appellants.



DECISION & ORDER
In an action, inter alia, for judicial dissolution of a limited liability company, the defendant/counterclaim plaintiff appeals from a judgment of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered January 17, 2017, and the plaintiff/counterclaim defendant and the counterclaim defendants cross-appeal from the same judgment. The judgment, insofar as appealed from, upon a decision of the same court entered November 24, 2016, made after a nonjury trial, is in favor of the defendant/counterclaim plaintiff and against the plaintiff/counterclaim defendant and the counterclaim defendants in the principal sum of only $1,250,000, and failed to award the defendant/counterclaim plaintiff attorney's fees. The judgment, insofar as cross-appealed from, upon the decision, failed to award the plaintiff/counterclaim defendant and the counterclaim defendants a credit for damages allegedly arising from an order of attachment, and awarded the defendant/counterclaim plaintiff prejudgment interest on the award at a rate of five percent per annum from July 10, 2012.
ORDERED that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the defendant/counterclaim plaintiff damages in the principal sum of $1,250,000, with prejudgment interest at the rate of five percent per annum from July 10, 2012, and substituting therefor a provision awarding the defendant/counterclaim plaintiff damages in the principal sum of $1,489,000, with prejudgment interest at the rate of five percent per annum, and (2) by adding thereto a provision awarding attorney's fees to the defendant/counterclaim plaintiff in the net total sum of $1,508,318, without interest; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant/counterclaim plaintiff.
The individual parties are the four managing members of the plaintiff PFT Technology, LLC (hereinafter PFT). On July 10, 2012, PFT commenced this action against Robert Wieser for, inter alia, judicial dissolution of PFT. The complaint sought authorization for the remaining members (hereinafter the majority members) to reconstitute PFT without Wieser as a member. Wieser asserted counterclaims against PFT and the majority members, inter alia, to recover damages for breach of the operating agreement and for contractual indemnification for his attorney's [*2]fees incurred in the litigation. Wieser agreed that the majority members could buy out his membership interest, which the Supreme Court deemed an irrevocable offer to sell his interest at fair value. In an order dated May 21, 2014, the court set a valuation date for Wieser's interest of July 9, 2012—the day prior to commencement of the action. At the trial, the parties presented competing valuation witnesses. The court then stopped the trial during the testimony of the individual parties, stating that the parties had agreed that the relevant facts for disposition of the action were already before the court.
In a decision after trial, the Supreme Court valued Wieser's 25% interest in PFT at $1,250,000 as of July 9, 2012. The court determined Wieser was not entitled any damages on his breach of contract counterclaim for unpaid distributions after the valuation date, stating that such would constitute "double dipping." The court also determined that Wieser was entitled to an award of attorney's fees pursuant to his counterclaim for contractual indemnification beyond the $250,000 in fees which had already been advanced to him during the litigation. In view of the delay by PFT and the majority members in prosecuting the action, the court awarded Wieser prejudgment interest at the rate of five percent per annum on the award from the commencement of the action on July 10, 2012. A judgment dated January 11, 2017, was entered in favor of Wieser and against PFT and the majority members in the principal sum of $1,250,000, with prejudgment interest at the rate of five percent per annum from July 10, 2012. Wieser appeals, and PFT and the majority members cross-appeal.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony" (DePaula v State of New York, 82 AD3d 827, 827 [internal quotation marks omitted]; see Dean/Carson Tappan, LLC v State of New York, 178 AD3d 664, 665; Jones v State of New York, 124 AD3d 599, 600).
On application by a member, the Supreme Court may decree dissolution of a limited liability company "whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement" (Limited Liability Company Law § 702). "The Limited Liability Company Law does not expressly authorize a buyout in a dissolution proceeding'" (Mizrahi v Cohen, 104 AD3d 917, 920, quoting Matter of Superior Vending, LLC [Tal—Plotkin], 71 AD3d 1153, 1154). "Nonetheless, in certain circumstances, a buyout may be an appropriate equitable remedy upon the dissolution of an LLC" (Mizrahi v Cohen, 104 AD3d at 920; see Matter of Kassab v Kasab, 137 AD3d 1138, 1140; Matter of Superior Vending, LLC [Tal—Plotkin], 71 AD3d at 1154).
Here, upon our review of the record, we find that the Supreme Court providently exercised its discretion in setting the valuation date for Wieser's interest in PFT as the day before the action was commenced. The court should set the valuation date for the minority member's interest by reference to the equities of the case (see Matter of Superior Vending, LLC [Tal—Plotkin], 71 AD3d at 1154). Under the circumstances of this case, the record supports the court's conclusion that the most equitable method of resolving the dispute among the principals of PFT was to permit the majority members to buy out Wieser's interest and to set the valuation date for that interest as July 9, 2012—the day prior to the commencement of the action (see generally Matter of Superior Vending, LLC [Tal—Plotkin], 71 AD3d at 1154). However, in determining the value of Wieser's interest, we conclude that the court erred in applying certain adjustments to reduce the value of PFT as calculated by Wieser's expert. Rather, we adopt the expert's full valuation of $5,956,000, as it comports with the evidence in the record. Accordingly, Wieser's proportionate share of PFT should have been valued at $1,489,000, rather than at $1,250,000 found by the court. Nevertheless, contrary to Wieser's contention, the court properly determined that he was not entitled to recover damages related to unpaid distributions made after the valuation date (see id.).
The Supreme Court providently exercised its discretion in imposing prejudgment interest at the rate of five percent per annum on the award for Wieser's interest in PFT, as there was evidence in the record to support the court's finding of delay in the prosecution of the action.
We agree with Wieser that the Supreme Court improvidently exercised its discretion [*3]in declining to award him additional attorney's fees pursuant to his counterclaim for contractual indemnification. Rather, the record, including the language of the operating agreement and the billing records submitted by Wieser's counsel, established that Wieser was entitled to recover all of the reasonable attorney's fees he incurred in connection with this action, totaling $1,758,318, less the $250,000 that he had already been awarded for that purpose, for a net total sum of $1,508,318, without interest (see generally Purmm Capital Corp. v 697 Evergreen Ave., Inc., 172 AD3d 1414, 1415).
The remaining contentions of PFT and the majority members are without merit.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court