Matter of FGLS Equity LLC (2021 NY Slip Op 02099)





Matter of FGLS Equity LLC


2021 NY Slip Op 02099


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 157170/19 Appeal No. 13531 Case No. 2020-02819 

[*1]In the Matter of FGLS Equity LLC, etc., Petitioner. SAJUST, LLC, et al., Respondents-Counterclaimants Appellants, FGLS Equity LLC, Petitioner-Counterclaim Defendant-Respondent. The Mendelow Family Foundation, Inc., Intervenor-Respondent.


Kagen Caspersen & Bogart PLLC, New York (Russell Bogart of counsel), for appellants.
Yeskoo Hogan & Tamlyn, LLP, New York (Richard C. Yeskoo of counsel), for FGLS Equity, LLC, respondent.
Schaeffer Venaglia Handler & Fitzsimmons, LLP, New York (Richard J. Schaeffer of counsel), for The Mendelow Family Foundation, Inc., respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about May 20, 2020, which, insofar as appealed from as limited by the briefs, granted FGLS Equity LLC's (FGLS) petition to the extent it sought to bar members of FGLS from bringing any claims against the Estates of Steven and Nancy Mendelow, their counsels, and related parties, and to include the Mendelow Family Foundation in the distribution of FGLS's assets under its proposed Plan of Liquidation, unanimously affirmed, without costs.
The decisions of FGLS's managing member and liquidator, Steven Turchin, to forgo litigation against the Estates of Steven and Nancy Mendelow, their counsels, and related parties (together the Mendelow Parties), and to include the Mendelow Family Foundation (MFF) in the distribution of FGLS's assets, are protected by the business judgment rule (see Auerbach v Bennett, 47 NY2d 619, 629 [1979]). Turchin's letter setting forth his proposed Plan of Liquidation detailed the legal advice he received, as well as his consideration of all relevant factors in arriving at his decision. The managing member's decisions are entitled to deference in view of his opinion that it was best to use the funds that FGLS had recovered to pay back its members, who had been waiting since 2008 to recoup any portion of their failed investment, rather than initiate a risky wave of litigation. The record does not support a finding that the managing member lacked disinterestedness and violated his duty of loyalty while managing and liquidating the company, and there is no basis to grant further discovery. The remaining contentions challenging the court's application of the business judgment rule are unavailing.
The court properly denied the objectors' request for a receiver. While courts have authority to appoint a receiver under Limited Liability Company Law § 703(a), the appointment of one would be inconsistent with FGLS's Operating Agreement, which
provides that the company shall be liquidated upon dissolution (see Shapiro v Ettenson, 146 AD3d 650 [1st Dept 2017]; Doyle v Icon, LLC, 135 AD3d 642, 642 [1st Dept 2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021