Rosenblum v Rosenblum (2023 NY Slip Op 01169)

Rosenblum v Rosenblum

2023 NY Slip Op 01169

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 654177/15 Appeal No. 17456-17457 Case No. 2022-00549 

[*1]Kenneth Rosenblum, Plaintiff-Appellant-Respondent,
v
Bernice Rosenblum, Defendant-Respondent-Appellant.

Schlam Stone & Dolan LLP, New York (Richard H. Dolan of counsel), for appellant-respondent.
Stroock & Stroock & Lavan LLP, New York (Michele L. Pahmer of counsel), for respondent-appellant.

Partial judgment, Supreme Court, New York County (Melissa Crane, J.), entered April 27, 2022, in favor of defendant in the amount of $325,147.80 on her counterclaim for breach of a settlement agreement, and bringing up for review an order, same court and Justice, entered on or about January 4, 2022, which, after a nonjury trial and to the extent appealed from, determined that plaintiff withdrew from the limited liability companies as of September 20, 2019, rejected plaintiff's corporate dissolution claim as moot, and set forth a methodology by which to calculate damages on defendant's counterclaim, unanimously modified, on the law, to vacate the award and remand the matter to the trial court for recalculation of damages on the counterclaim, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court properly determined that plaintiff's date of withdrawal from the limited liability companies (LLCs) was September 20, 2019, when the trial court ordered withdrawal, rather than December 10, 2016, six months after plaintiff asserted a claim for withdrawal in his amended complaint in accordance with former Limited Liability Corporation Law § 606. The amended complaint, in which plaintiff sought to dissolve or withdraw from the LLCs, did not constitute "written notice" of withdrawal within the meaning of former § 606, because plaintiff's sixth demand for relief was for dissolution of the LLC entities pursuant to Limited Liability Company Law § 702. Plaintiff alleged in the amended complaint that, in the event the court declined to proceed with judicial dissolution, he alternatively sought to withdraw from the LLCs pursuant to § 606. Moreover, plaintiff continued his active involvement in managing the LLCs and their properties well after six months from the date of the amended complaint. The trial court also did not improvidently exercise its discretion in declining to award prejudgment interest on plaintiff's withdrawal distribution (CPLR 5001[a]; see PFT Tech., LLC v Wieser, 181 AD3d 836, 839 [2d Dept 2020], lv denied 35 NY3d 915 [2020]; Chiu v Chiu, 125 AD3d 824, 826 [2d Dept 2015], lv denied 26 NY3d 905 [2015]).
Supreme Court also properly found that plaintiff's corporate dissolution claim was moot. There was discord and deadlock between the parties, and between defendant's counsel and plaintiff, even after defendant stopped being involved in the business (Business Corporation Law § 1104[a][1], [3]; Matter of Neville v Martin, 29 AD3d 444, 444-445 [1st Dept 2006], lv denied 7 NY3d 717 [2006]). Nonetheless, defendant is deceased, defendant's counsel is not a corporate shareholder, and there is no evidence that counsel will represent whoever is ultimately designated as defendant's successor.
As to defendant's counterclaim for breach of the settlement agreement, the December 10, 2013 closing of the 1154 President Street transaction constituted a [*2]breach of the settlement agreement for the purpose of that counterclaim. Neither party disputes that loss-of-use interest damages should run from the date of the breach of the settlement agreement until the date of debt payment. But defendant contends that additional, unaccounted-for breaches occurred on November 15, 2013, when plaintiff refinanced the mortgage on 1475 President Street; on December 10, 2013, when plaintiff completed his purchase of 1154 President Street; and on January 15, 2014, when plaintiff contracted to buy 1552 President Street, 1575 President Street, and 1581 President Street.
Contrary to defendant's position, the court did, in fact, use the January 15, 2014 date when calculating interest with respect to the 1552, 1575, and 1582 President Street transactions, notwithstanding the court's earlier suggestion that June 18, 2014 (the date of closing) was the appropriate date. As a result, we reject that aspect of defendant's challenge. Further, the November 15, 2013 refinancing of 1475 President Street did not constitute a breach of the settlement agreement because the unrebutted evidence reflects that the proceeds were used to pay defendant monies owed under the agreement.
However, the December 10, 2013 closing of the purchase of 1154 President Street should have been deemed a breach of the settlement agreement even though the relevant purchase agreement was executed before the settlement agreement. Indeed, the settlement agreement was very broad, prohibiting defendant not just from "entering into" other business transactions before paying off his debt, but also from "funding" such transactions "in any way."
Loss-of-use interest damages were also properly calculated on the specific funds used with respect to each transaction constituting a breach, rather than the entire outstanding amount owed on the date of the initial breach. The latter approach would be too harsh, essentially accelerating the due date on the entire loan rather than compensating defendant for the loss of use of the specific funds improperly used by plaintiff to fund other business transactions (see Avalon Constr. Corp. v Kirch Holding Co., 256 NY 137, 141 [1931]; Rosenblum v Rosenblum, 162 AD3d 608, 609 [1st Dept 2018]).
However, statutory prejudgment interest should be awarded on the breach of contract counterclaim, as such an award is mandatory in the breach of contract context (CPLR 5001[a]; J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117 [2012]). The statute contains no exception for damages that are offset against money due the other party. That the breach of contract damages themselves consist of loss-of-use interest does not render an award of prejudgment interest inappropriate (see NML Capital v Republic of Argentina, 17 NY3d 250, 265-267 [2011]; see also e.g. Gliklad v Cherney, 132 AD3d 601, 601 [1st Dept 2015] ["CPLR 5001 permits a creditor to recover prejudgment interest from the date on which each payment of principal or interest[*3] became due . . . until the date on which liability is established"] [emphasis added], lv dismissed 28 NY3d 952 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2023