| |
|---|
| **Ding v Frank** |
| 2024 NY Slip Op 31893(U) |
| May 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651980/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**                     PART                          **11M**

*Justice*

-------------------------------------------------------------------------------X

ANDREW DING,

                                        Plaintiff,

                                 - v -

JOSHUA FRANK, NANAE MAMEUDA FRANK, STRING &
BRASS, LLC

                                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651980/2024 |
| MOTION DATE | 04/16/2024, 04/16/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 25, 32, 33, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 62, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114

were read on this motion to/for            INJUNCTION/RESTRAINING ORDER      .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 24, 59, 60, 61, 115

were read on this motion to/for                DISSOLUTION          .

Upon the foregoing documents, petitioner's application is granted in part and denied in part.

"A movant's burden of proof on a motion for a preliminary injunction is particularly high" *Council of the City of NY v Giuliani*, 248 AD2d 1, 4 (1st Dept 1998). A party seeking a preliminary injunction must clearly demonstrate (1) the likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the injunction is not issued; and (3) a balance of the equities in the movant's favor. *Doe v Axelrod,* 73 NY2d 748 (1988); *Housing Works, Inc. v City of New York*, 255 AD2d 209 (1st Dept 1998).

If the movant fails to meet its burden to establish each and every element, the request for injunctive relief must be denied. *See, e.g., Doe v Axelrod*, 73 NY2d 748, 750-51 (1988).

**651980/2024   DING, ANDREW vs. FRANK, JOSHUA ET AL**
**Motion No.  001 002**

**Page 1 of 4**

1 of 4

The Court has reviewed the documents submitted by all parties. It does not appear to be in dispute that Petitioner is part owner of String and Brass, LLC ("S&B"). Petitioner contends that he has an equal ownership stake with the Respondent. Respondent submits that while Petitioner is the only other owner, and there is no partnership or operating agreement which dictates the ownership split or the management duties, Petitioner nevertheless is not an equal owner, and that regardless Petitioner is the one negatively impacting the business.

The Court finds Petitioner has demonstrated a likelihood of success on the merits. Under New York Law, in the absence of a specific contrary provision, management is vested in all the members of the LLC, as in a general partnership. NY CLS LLC § 401; see also *Shapiro v Ettenson*, 146 A.D.3d 650 (2017). Here, Petitioner has submitted evidence in the form of bank transfers showing that that he has received equal distributions of profits. Moreover, Petitioner has submitted K-1 schedules of compensation from 2017-2023 which state that the parties have equal ownership shares. Therefore, the evidence supports Petitioner's position that he equal owner. Furthermore, without a management provision stating otherwise, the LLC law by default vests management capabilities equally in all members.

Next, Respondent argues that there is no irreparable harm to warrant a preliminary injunction. The Court disagrees. Here, as Petitioner argues, the possibility of the restaurant losing its customers and potentially shutting down, is irreparable harm. Moreover, New York Courts have repeatedly found that where there is an opportunity for defendants to shift the balance of power and wrest complete control over the company can constitute irreparable injury. *Cooperstown Capital, LLC v. Patton*, 60 A.D.3d 1251.

Although Respondent has alleged it is Petitioner who threatens the ruin of the business, the Court finds the balance of the equities favors petitioner. Petitioner is the only other owner of

651980/2024   DING, ANDREW vs. FRANK, JOSHUA ET AL
Motion No.  001 002

Page 2 of 4

the business with Respondent, and principles of equity favor Petitioner's right to be involved in the business and receive the benefits of the business until adjudicated otherwise.

Finally, the Court finds that as the underlying petition seeks monetary damages, the Court will convert the petition to a plenary action and will consider the submissions of the parties on the petition to be the pleadings in this matter.

Accordingly, it is hereby

ORDERED that Respondent is temporarily enjoined from restricting Petitioner's access to S&B and is directed to restore access to the extent that access has already been restricted; and it is further

ORDERED that Respondent is temporarily directed to restore Petitioner's access to all bank accounts that S&B maintains wherever located and to forthwith disclose in writing to Petitioner all account information (including bank name, branch address and account number) for all bank accounts that S&B maintains wherever located; and it is further

ORDERED that all parties are temporarily enjoined from opening bank accounts for S&B without the other party's consent; and it is further

ORDERED that all parties are temporarily enjoined from withdrawing funds from S&B's bank accounts (or other financial accounts) without each party's consent; and it is further

ORDERED that Respondents are directed to forthwith restore Petitioner's access (online and in person) to all accounts of S&B including but not limited to S&B's email accounts, QuickBooks account, Spectrum account, Con Edison account, and ADP account; and it is further

ORDERED that all parties are temporarily enjoined from making any changes to the menu items offered by S&B unless both petitioner and respondent Joshua Frank agree on any such changes; and it is further

**651980/2024   DING, ANDREW vs. FRANK, JOSHUA ET AL**
**Motion No.  001 002**

**Page 3 of 4**

3 of 4

ORDERED that all parties are temporarily enjoyed from making changes to S&B's books and records including but not limited to the adjustments to the respective capital accounts of S&B's members, without petitioner and respondent Joshua Frank's written consent, until further order of this Court; and it is further

ORDERED that the underlying petition is converted to a plenary action.

20240531163714LFRANKF5112798FA874C54AEB4B4E0A7B4CA72

| **5/31/2024** | | | | | | **LYLE E. FRANK, J.S.C.** | |
| **DATE** | | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

651980/2024   DING, ANDREW vs. FRANK, JOSHUA ET AL
Motion No.  001 002

Page 4 of 4

4 of 4