OPINION OF THE COURT
John M. Curran, J.
Defendants have moved to dismiss the second, fourth, fifth, sixth and seventh causes of action in the amended complaint pursuant to CPLR 3211 (a) (1) (defense founded upon documentary evidence), (3) (lack of legal capacity to sue), and (7) (failure to state cause of action). Defendants also have moved pursuant CPLR 6514 for an order canceling a notice of pendency filed by plaintiff on February 15, 2008. For the reasons discussed below, the motions are in all respects granted.
Plaintiff commenced this action in 2007, and on February 15, 2008, filed an amended complaint and a notice of pendency. The notice of pendency was filed with respect to 350 Elmwood Avenue in the City of Buffalo, owned by defendant 350 Elmwood, LLC.
The amended complaint contains seven causes of action. The motion to dismiss applies to all causes of action except for the first and third causes of action for breach of contract. The two causes of action which are not the subject of the motion to dismiss are asserted only against defendant Bridgepoint Partners, LLC.
The amended complaint alleges that, in November of 2005, plaintiff and defendants Michael Casciano and Daniel Fulham entered into an operating agreement pursuant to which a limited liability company known as defendant Bridgepoint Partners, LLC (Bridgepoint or LLC) was formed pursuant to the New York State Limited Liability Company Law. Plaintiff, Casciano and Fulham were all members of that LLC, having 20%, 40% and 40% interests, respectively. Plaintiff also was employed pursuant to the terms of the agreement as project manager with a guaranteed base compensation of $100,000 per year.
In April of 2007, Bridgepoint terminated plaintiffs employment, alleging violations of the agreement. Approximately one *537 week later, plaintiff claimed that his interest in Bridgepoint had been constructively terminated and thereupon exercised his rights to withdraw from the LLC pursuant to the terms of the agreement. Plaintiff then made a demand for immediate payment of his interest in the LLC pursuant to the agreement. Specifically, plaintiff advised by letter dated April 27, 2007, that, as a consequence of his removal from employment, he “considered himself as withdrawn from Bridgepoint effective April 23, 2007 as contemplated under Section 7.2 of the Operating Agreement and no longer a member of Bridgepoint as of that date” (amended complaint HIT 13, 17).
While plaintiff was still employed by the LLC, Casciano and Fulham formed a company under the name of defendant 350 Elmwood, LLC for the purpose of owning real property located at 350 Elmwood Avenue in the City of Buffalo. Casciano and Fulham allegedly effectuated a loan by Bridgepoint to 350 Elm-wood, LLC and also arranged for Bridgepoint to lease office space from 350 Elmwood, LLC.
Plaintiff alleges that the rent and other expenses paid by Bridgepoint to 350 Elmwood, LLC were excessive. Plaintiff further alleges additional conduct which was “not in the interest of Bridgepoint, but rather motivated by personal profit and self dealing” by Casciano and Fulham (amended complaint II 19). According to the amended complaint, Casciano and Fulham placed their wives, defendants Lesley A. Casciano and Dana W Fulham, on Bridgepoint’s payroll. The wives allegedly did not perform any duties for Bridgepoint in exchange for the compensation they were paid. The amended complaint further alleges that there were personal expenditures paid by Casciano and Fulham from the assets of Bridgepoint (amended complaint 11 27). As to all of these alleged inappropriate expenditures, the amended complaint states: “Each of the aforementioned unnecessary, inappropriate and self dealing expenditures depleted funds that otherwise would be placed in the capital account of Billings and thereby damaged Billings in his pecuniary interest in the venture.” (Amended complaint U 28.)
The motion to dismiss asserts that the second, fourth, fifth, sixth and seventh causes of action of the amended complaint are all derivative in nature and should be dismissed because plaintiff was not a member of the LLC, by his own admission, at the time this action was commenced. On this basis, the defendants allege that plaintiff does not have standing to assert the derivative claims. Additionally, defendants allege that the *538 causes of action addressed on the motion to dismiss are not viable under CPLR 3211 (a) (7) because plaintiff has failed to allege a demand upon Bridgepoint to commence an action against the defendants and does not allege with particularity why such a demand was futile. The motion also claims that the amended complaint lacks particularity as to the wrongdoing in which the defendants allegedly engaged.
Plaintiff counters that the second cause of action is direct and not derivative because it seeks to remedy a breach of fiduciary duty owed by Casciano and Fulham to the plaintiff. As to the fourth through seventh causes of action, plaintiff argues that they are not derivative in nature but, even if the court were to conclude that they are derivative, there is no case law or statute requiring that plaintiff be a member of a limited liability company at the time he commences a derivative action and that there is similarly no limitation upon the right to commence the derivative action requiring a demand upon management. Plaintiff further asserts that he maintained a possessory interest in Bridgepoint because he has not been paid for his interest in the LLC as required by the terms of the agreement.
With respect to a motion to dismiss for failure to state a claim, the Court of Appeals recently stated:
“When assessing the adequacy of a complaint in light of a CPLR 3211 (a) (7) motion to dismiss, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . ‘the benefit of every possible favorable inference’ (Leon v Martinez, 84 NY2d 83, 87 [1994] . . . ). ‘Whether a . . . plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss’ (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). Further, any deficiencies in the complaint may be amplified by supplemental pleadings and other evidence (see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]).” (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005].)
The initial issue is whether the causes of action assailed by the motion to dismiss are derivative in nature. The Court of Appeals has repeatedly stated that claims are derivative in nature where: “[t]he remedy sought is for wrong done to the corporation; the primary cause of action belongs to the corporation; recovery must enure to the benefit of the corporation” (Isaac v *539 Marcus, 258 NY 257, 264 [1932]; Marx v Akers, 88 NY2d 189, 193 [1996]). The parties acknowledge that the determination of whether a claim is direct or derivative turns on who was harmed first, the member or the entity (see generally Kleinberger, Direct Versus Derivative and the Law of Limited Liability Companies, 58 Baylor L Rev 63 [2006]). Where a member is harmed independent of the entity or is the only member harmed, the claim is direct (id.).
The second cause of action alleges that Casciano and Fulham breached their fiduciary duty owed directly to plaintiff through: “the transactions . . . with 350 Elmwood, LLC, the termination of Billings’ base compensation, as well as the other self-dealing alleged herein” (amended complaint 11 37). Further, plaintiff alleges he was “damaged by the unjustified and unanticipated termination of his compensation and employment” (amended complaint H 38). The damage alleged in the second cause of action is that the actions of Casciano and Fulham caused a “diversion of substantial sums that otherwise would have been contributed in [plaintiff’s] capital account” and seeks “an adjustment in [plaintiffs] capital account commensurate with his fair share of the sums diverted by Fulham and Casciano” (amended complaint 1i1i 39, 40).
The harm alleged in the amended complaint is that Casciano and Fulham engaged in self-dealing to the detriment of Bridge-point as to their dealings with 350 Elmwood, LLC, and that Casciano and Fulham otherwise diverted funds from Bridge-point to their individual benefit. These allegations make clear that the harm sought to be remedied is harm first and foremost to Bridgepoint and not the plaintiff. The operating agreement makes this clear in article V providing for pro rata contributions to all of the members’ capital accounts. As the remedy sought by plaintiff would inure to the benefit of the corporation before any benefit could be rendered to plaintiff and the other members, the court concludes that the second cause of action seeks derivative relief and is not a direct action (Longo v Butler Equities II, 278 AD2d 97, 98 [1st Dept 2000]).
Plaintiff’s counsel was candid during oral argument and agreed that the fourth and fifth causes of action against Lesley Casciano and Dana Fulham are in fact derivative in nature. Based on the allegations in the amended complaint with respect to the sixth and seventh causes of action, the court can discern no difference in the nature of the claims asserted against 350 Elmwood, LLC as opposed to the allegations as against the *540 spouses. In every instance, the remedy sought by plaintiff would inure in the first instance to the benefit of Bridgepoint and not directly to the benefit of the plaintiff. Accordingly, the court concludes that the fourth, fifth, sixth and seventh causes of action also are derivative in nature.
The next inquiry for the court is whether a derivative action involving a limited liability company is subject to concurrent ownership and demand limitations. This issue arises as a direct result of the Court of Appeals decision in Tzolis v Wolff (10 NY3d 100 [2008]). There, the Court concluded by a four to three margin that, despite the absence of statutory authority, members of limited liability companies may sue derivatively because that right existed in the common law (Tzolis, 10 NY3d at 109). However, the Court left open whether such a right was subject to limitations such as contemporaneous ownership and a demand upon management (id. [“What limitations on the right of LLC members to sue derivatively may exist is a question not before us today. We do not, however, hold or suggest that there are none”]).
As discussed in Tzolis, the Business Corporation Law and the Partnership Law (pertaining to limited partnerships) require contemporaneous ownership of a plaintiffs interest as of the time the wrong occurred and when the derivative suit is commenced (see Business Corporation Law § 626 [b]; Partnership Law § 115-a). In order to maintain a derivative action under the Business Corporation Law or the Partnership Law, the plaintiff must be a current owner of the business to have standing to bring the suit. Additionally, both statutes require a demand upon management or the reasons such a demand would be futile (see Business Corporation Law § 626 [c]; Partnership Law § 115-a [3]).
Since Tzolis, the Appellate Division has not addressed whether limitations on suing a limited liability company derivatively include a contemporaneous ownership requirement and/or the requirement for a demand upon the company. The court has discovered two trial court decisions of note on these issues. In Davis v Cornerstone Tel. Co., LLC (19 Misc 3d 1142[A], 2008 NY Slip Op 51141[U] [2008]), Justice Richard M. Platkin, the Presiding Justice of the Commercial Division in Albany County, concluded as follows: “In any event, standing to pursue a derivative claim on behalf of a corporation requires status as a shareholder, and standing to pursue a derivative claim on behalf of a limited liability company requires status as *541 a member (Tzolis v Wolff, 10 NY3d 100 [2008]).” (2008 NY Slip Op 51141[U], *11).
Furthermore, with respect to the demand requirement, Justice Judith Gische concluded that a demand against a limited liability company is required prior to the institution of derivative litigation, and otherwise adopted the rules pertaining to derivative actions in the corporate context (Evans v Perl, 19 Misc 3d 1119[A], 2008 NY Slip Op 50775[U], *8 [2008]).
While these trial court decisions are well-reasoned and persuasive, this court must follow the guidance in Tzolis which requires an analysis of whether there was a contemporaneous ownership requirement at common law and/or a requirement for a demand. The court requested from the parties additional briefing on this issue and has reviewed the cases submitted by the parties. The court is persuaded that the Court of Appeals has provided controlling authority under the common law to impose a contemporaneous ownership limitation upon the right to sue derivatively in the limited liability company context. In Hanna v Lyon (179 NY 107 [1904]), the Court of Appeals held:
“But while the plaintiff Hanna was a stockholder at the time of the commission of the acts of which he complained, he had ceased to be a stockholder at the time of the commencement of the action, and hence was without authority to maintain it. His rights as a stockholder had passed to the subsequent purchaser of the stock, and the Appellate Division was, therefore, right in reversing the judgment as to him and dismissing the complaint.” (179 NY at 110-111.)
Accordingly, this court concludes that a member of a limited liability company may sue derivatively, but that such a member seeking derivative relief must have been a member at the time of the offending conduct and at the time the action was commenced. Any other conclusion would be contrary to the analyses in Tzolis and Hanna. Moreover, a contrary conclusion would provide rights to members of limited liability companies beyond the rights afforded under New York law to shareholders of business corporations and limited partners. There is no common law or statutory authority supporting any such conclusion.
At oral argument, plaintiff asserted that he still had a “possessory interest” in his LLC membership because he had not been paid in full for it under article VII of the operating agreement. This argument is contradicted by plaintiffs admission in *542 his amended complaint (“Billings considered himself as withdrawn from Bridgepoint effective April 23, 2007” [amended complaint 1i 17]), and in his initial memorandum of law (“Plaintiff does not deny his membership status at the time of filing his amended complaint” [mem dated May 29, 2008, at 7]). It also is inconsistent with the provisions of the operating agreement which make clear that plaintiff has withdrawn as a member of the LLC and has only a right of future payment.
Because the court has concluded that the second and fourth through seventh causes of action are all derivative in nature, and are all subject to a contemporaneous ownership requirement, and because plaintiff indisputably tendered his membership interest in exchange for the right of payment under the terms of the operating agreement, the court grants the motion to dismiss and need not reach the issue of whether a demand is required. However, given the conclusion with respect to the contemporaneous ownership requirement, this court can see no basis upon which to conclude that a demand limitation should not be imposed in the limited liability context similar to what is imposed in the business corporation and limited partnership contexts.
Finally, because the sixth and seventh causes of action against 350 Elmwood, LLC, are hereby dismissed, the notice of pendency must be canceled and the motion to do so is in all respects granted.
Defendants’ counsel should prepare and settle the order with plaintiffs counsel.