■ NORTH FORK PRESERVE, INC., et al., Appellants, v MYRON KAPLAN et al., Respondents. [890 NYS2d 93]—

The plaintiffs are the minority shareholders in a corporation known as North Fork Preserve, Inc. (hereinafter NFPC), which owns and operates a private hunting and fishing club in the Town of Riverhead. In 2004 the plaintiffs commenced this action against the majority shareholders, inter alia, to recover

damages for fraud, bad faith, the waste of corporate assets, and breach of their fiduciary duties. The amended complaint contains two causes of action, namely, a shareholder's derivative cause of action under Business Corporation Law § 626, and a cause of action against the directors and officers for misconduct under Business Corporation Law § 720. Among other allegations, the amended complaint lists 14 categories of wrongdoing in subparagraphs (a) through (n) of paragraphs 16, 60, and 111.

In an order dated June 9, 2005, the Supreme Court, inter alia, dismissed claims based on four categories of wrongdoing on the ground that they were time-barred. In a decision and order dated July 5, 2006, this Court modified that order, inter alia, by dismissing claims based on seven additional categories of misconduct on the grounds that they were either time-barred, failed to state a cause of action, or were flatly contradicted by documentary evidence. Nevertheless, this Court agreed with the Supreme Court that the amended complaint, when viewed as a whole, stated a cognizable claim that the minority shareholders had been frozen out of the management of the corporation (*see North Fork Preserve, Inc. v Kaplan*, 31 AD3d 403 [2006]).

After extensive discovery, the defendants moved for summary judgment dismissing the remaining claims in the amended complaint. Although the defendants had made two previous motions for summary judgment, the third motion did not violate the general proscription against successive motions for summary judgment since it was based on deposition testimony and numerous documents that had been elicited after the prior motions were denied (*see Auffermann v Distl*, 56 AD3d 502 [2008]; *Kobre v United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc.*, 32 AD3d 218 [2006]; *Staib v City of New York*, 289 AD2d 560 [2001]).

The Supreme Court properly determined that the defendants established, prima facie, that they were entitled to judgment as a matter of law based on the business judgment rule, which bars "judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Auerbach v Bennett*, 47 NY2d 619, 629 [1979]). Inasmuch as the plaintiffs failed to produce any evidence to substantiate their allegations of fraud, bad faith, the waste of corporate assets, or the breach of fiduciary duty, the Supreme Court properly granted the defendants' motion for summary judgment dismissing all of the remaining claims in the amended complaint (*see Bennett v Instrument Sys. Corp.*, 66 AD2d 708 [1978]; *Greenbaum v American Metal Climax*, 27 AD2d 225 [1967]).

Finally, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew their opposition to the defendants' motion for summary judgment, since the alleged new evidence was improperly submitted for the first time in the plaintiffs' reply papers (*see GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc.*, 35 AD3d 535 [2006]; *Adler v Suffolk County Water Auth.*, 306 AD2d 229 [2003]). In any event, the plaintiffs did not offer a reasonable justification for their failure to present this evidence on the prior motion (*see* CPLR 2221 [e]; *Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.