The Supreme Court properly granted that branch of the de *676 fendants’ motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Elaine Zuckerbrod (hereinafter the appellant) based on, among other things, the business judgment rule. The business judgment rule “bars ‘judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes’ ” (North Fork Preserve, Inc. v Kaplan, 68 AD3d 732, 733 [2009], quoting Auerbach v Bennett, 47 NY2d 619, 629 [1979]). The defendants established, prima facie, that the defendant Morton Olshan acted in good faith and in the lawful and legitimate furtherance of the purposes of the defendants 355 Company, LLC, 60 West 76 Co., LLC, and 68 Montague Co., LLC (hereinafter collectively the LLCs), when he retained revenue derived from the buildings owned by the LLCs to pay for repairs and capital improvements to those buildings, and when he entered into a management agreement on behalf of the LLCs with the defendant Janoff & Olshan, Inc. (see North Fork Preserve, Inc. v Kaplan, 68 AD3d at 733). In opposition to the defendants’ prima facie showing in this regard, the appellant failed to adduce evidence to substantiate her allegations of fraud, bad faith, or breach of fiduciary duty and, thus, failed to raise a triable issue of fact (see id.). The appellant’s mere hope and speculation that evidence sufficient to defeat the defendants’ motion for summary judgment might be uncovered through further discovery was insufficient to defeat the motion (see Buchinger v Jazz Leasing Corp., 95 AD3d 1053, 1054 [2012]; Zarzycki v Lan Metal Prods. Corp., 62 AD3d 788, 790 [2009]).
Moreover, insofar as the appellant’s causes of action alleged that wrongs were committed against the LLCs, she should have asserted causes of action derivatively, rather than in her individual capacity (see generally Tzolis v Wolff, 10 NY3d 100, 109 [2008]; see also Mizrahi v Cohen, 104 AD3d 917, 919 [2013]).
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint insofar as asserted by the appellant. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.