*999 In an action, inter alia, to recover damages for breach of fiduciary duty and breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated September 20, 2012, as granted the motion of the defendants Mohamed Mowad, Sandy Check, Michael Hatzidakis, Joseph Rozen, Arnon Sadok, Ahmed Moharrem, Chi Yuen Lo, and Khaled Maher for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were for summary judgment dismissing the third and seventh causes of action insofar as asserted against the defendants Mohamed Mowad, Sandy Check, Michael Hatzidakis, Joseph Rozen, Arnon Sadok, Ahmed Moharrem, Chi Yuen Lo, and Khaled Maher, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In this action, the plaintiff seeks, among other things, to recover damages from several members of the board of directors (hereinafter the board) of XYZ Two Way Radio Service, Inc. (hereinafter XYZ), a corporation in which the plaintiff had been a shareholder. The plaintiff seeks damages in his personal capacity. He also asserts several shareholders’ derivative causes of action in his capacity as a shareholders’ representative.
The plaintiff alleged that, in 2005, the defendants improperly prevented him from continuing to service the account of a certain customer of XYZ. Based on that conduct, the plaintiff, in his personal capacity, asserted causes of action against XYZ board members Mohamed Mowad, Sandy Check, Michael Hatzidakis, Joseph Rozen, Arnon Sadok, Ahmed Moharrem, Chi Yuen Lo, and Khaled Maher (hereinafter collectively the respondents), sounding in breach of contract and fraudulent inducement. The respondents demonstrated, prima facie, that there was no employment contract between the plaintiff and XYZ, and that, further, the conduct of the respondents in removing the plaintiff from servicing the subject account were expressly permitted by XYZ’s rules and regulations. The plaintiff presented no proof refuting those showings (see McGimpsey v J. Robert Folchetti & Assoc., LLC, 19 AD3d 658, 659 [2005]). In addition, the business judgment rule bars “judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legiti *1000 mate furtherance of corporate purposes” (Auerbach v Bennett, 47 NY2d 619, 629 [1979]). Here, the plaintiff failed to produce any evidence to substantiate his allegations of fraud, bad faith, or breach of fiduciary duty in connection with his removal from the subject customer account (see North Fork Preserve, Inc. v Kaplan, 68 AD3d 732, 733 [2009]). The Supreme Court properly concluded that the respondents established their entitlement to judgment as a matter of law dismissing the fifth, sixth, eighth, twelfth, seventeenth, twenty-second, twenty-seventh, thirty-second, thirty-seventh, and forty-second causes of action, which were premised on the removal of the plaintiff from servicing the subject account (see McGimpsey v J. Robert Folchetti & Assoc., LLC, 19 AD3d at 659; see also North Fork Preserve, Inc. v Kaplan, 68 AD3d at 733). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the respondents’ motion which were for summary judgment dismissing those causes of action.
The plaintiff also asserted causes of action, in his individual capacity, based on the respondents’ purported failure to provide him with an original XYZ stock certificate. However, the respondents submitted proof showing that they indeed provided the plaintiff with an original stock certificate. In opposition, the plaintiff failed to rebut that showing, and also submitted no evidence of any damages caused by the respondents’ alleged conduct and, thus, failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court properly granted those branches of the respondents’ motion which were for summary judgment dismissing the ninth, thirteenth, eighteenth, twenty-third, twenty-eighth, thirty-third, thirty-eighth, and forty-third causes of action (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
The complaint asserted several shareholders’ derivative causes of action against Mowad, who is the president of XYZ and a member of the board. The plaintiff alleged, inter alia, that Mowad breached his fiduciary duty to the corporation by permitting another corporation that he owns, the defendant Regal Insurance Brokerage, Inc. (hereinafter Regal), to utilize certain resources of XYZ, without fair compensation. The respondents failed to establish, prima facie, that Mowad did not breach his fiduciary duty to XYZ with respect to the dealings between XYZ and Regal, or that his dealings with respect to Regal were protected by the business judgment rule (see Armentano v Paraco Gas Corp., 90 AD3d 683, 686 [2011]; see also Gjuraj v Uplift El. Corp., 110 AD3d 540 [2013]). In addition, although a corporate director may not be held personally liable for dam *1001 ages absent proof of commission of independent tortious acts (see Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915 [1978]; Hill v Murphy, 63 AD3d 680, 681 [2009]), the respondents failed to submit any evidence establishing that Mowad’s conduct with respect to Regal did not constitute such acts. Since the respondents failed to establish their prima facie entitlement to judgment as a matter of law dismissing the third cause of action, which was asserted against Mowad and based on this alleged breach of fiduciary duty, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the third cause of action, regardless of the sufficiency of the plaintiffs opposition papers.
The Supreme Court also erred in granting that branch of the respondents’ motion which was for summary judgment dismissing the seventh cause of action, which alleged that Mowad was unjustly enriched as a result of benefits granted by XYZ to Regal. “The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered” (Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972]; see Sperry v Crompton Corp., 8 NY3d 204, 215 [2007]). A plaintiff must show that (1) the defendant was enriched, (2) at the plaintiff’s expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). Here, the respondents failed to establish, prima facie, that Mowad did not improperly personally obtain a benefit as a result of any benefits conferred by XYZ upon Regal (see Newswalk Condominium v Shaya B. Pac., LLC, 102 AD3d 932 [2013]; see also Moezinia v Ashkenazi, 105 AD3d 920, 921 [2013]).
However, the Supreme Court properly granted those branches of the respondents’ motion which were for summary judgment dismissing the remaining derivative causes of action, which were asserted against each of the respondents individually.
The plaintiff alleged, inter alia, that the respondents breached their fiduciary duty to XYZ in connection with their handling of misconduct by the former comptroller of XYZ. However, the subject events occurred subsequent to the filing of the complaint, and the plaintiff failed to seek leave to amend the complaint pursuant to CPLR 3025 (b). In any event, the respondents established, prima facie, that they did not breach their fiduciary duty to XYZ in this regard, and the plaintiff raised no triable issues of fact in opposition to that showing (see Zuckerbrod v 355 Co., LLC, 113 AD3d 675 [2014]; Acevedo v Town ‘N Country *1002 Condominium, Section I, Bd. of Mgrs., 51 AD3d 603, 604 [2008]).
The plaintiff further alleged that the respondents breached their fiduciary duty to XYZ in connection with an election held in March 2005. However, the plaintiff failed to commence a proceeding pursuant to CPLR article 78 to challenge that election, which was his sole and exclusive remedy to challenge the election (see Business Corporation Law § 619; Esformes v Brinn, 52 AD3d 459, 462 [2008]).
With respect to the remaining shareholders’ derivative causes of action, which alleged breach of fiduciary duty against the respondents, including allegations based on, inter alia, certain disciplinary actions taken against shareholders, the respondents demonstrated, prima facie, that no actionable breach of fiduciary duty occurred with respect to those acts, and the plaintiff failed to raise triable issues of fact in opposition to that showing (see Zuckerbrod v 355 Co., LLC, 113 AD3d at 676; Acevedo v Town ‘N Country Condominium, Section I, Bd. of Mgrs., 51 AD3d at 604).
Mastro, J.P., Skelos, Cohen and LaSalle, JJ., concur.