■ WILLIAM JACOBS, Individually and Derivatively on Behalf of WESTCHESTER INDUSTRIAL COMPLEX, LLC, Appellant-Respon-

dent, v WESTCHESTER INDUSTRIAL COMPLEX, LLC, et al., Respondents-Appellants. [67 NYS3d 33]—Appeal and cross appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated July 6, 2016. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first through third causes of action, and pursuant to CPLR 3211 (a) (4) to dismiss the fourth and fifth causes of action. The order, insofar as cross-appeal from, denied that branch of the defendants' motion which was for summary judgment dismissing the sixth cause of action. Application by the defendants for leave to withdraw their cross appeal.

Ordered that the application for leave to withdraw the cross appeal is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff, Williams Jacobs, and the defendant Charles Cartalemi were the members of the defendant Westchester Industrial Complex, LLC (hereinafter WIC). At the time of the commencement of this action, the plaintiff held a 20% membership interest in WIC and Cartalemi held the remaining 80% interest. The plaintiff commenced this action on November 26, 2014, against WIC, Charles Cartalemi, Joan Cartalemi, who was Charles Cartalemi's wife, and DAN-NIC-CAR, LLC (hereinafter DNC), a limited liability company owned by Charles Cartalemi. The first cause of action sought a judgment pursuant to RPAPL article 15 declaring that a mortgage encumbering certain real property owned by WIC had been satisfied by a settlement agreement in a separate foreclosure action. The second cause of action was to recover damages for breach of fiduciary duty and conversion, and was based on an allegation that Charles Cartalemi wrongfully caused WIC to pay DNC interest payments at the rate of 11.75% on a "fictitious and non-existent principal indebtedness of" the sum of $1,640,000 related to the assignment of the aforementioned mortgage to DNC, damaging WIC and the plaintiff in the sum of $500,000.

The third cause of action also sought to recover damages for breach of fiduciary duty, and was based on an allegation that Charles Cartalemi had hired Joan Cartalemi and his daughter as employees of WIC without the plaintiff's knowledge or consent, and that their three salaries combined exceeded 20% of WIC's annual gross revenue. The plaintiff further alleged that on March 31, 2013, Charles Cartalemi and Joan Cartalemi

loaned WIC the sum of $360,000 to repay a note outstanding to the plaintiff, and that Charles Cartalemi caused or allowed WIC to make interest payments on the note that were not commercially reasonable. The plaintiff alleged that Charles Cartalemi "willfully orchestrated a scheme so as to deliberately cause WIC to pay unnecessary wages and a higher interest rate than those WIC[ ] was obligated to pay or could have paid on a commercially reasonable basis." The fourth cause of action sought an accounting, and the fifth cause of action sought the appointment of a receiver for WIC. The sixth cause of action is not at issue on this appeal.

While this action was pending, the plaintiff withdrew as a member of WIC, effective December 1, 2015 (*see Matter of Jacobs v Cartalemi*, 156 AD3d 635 [2017] [decided herewith]). By notice of motion dated February 5, 2016, the defendants moved for summary judgment dismissing the complaint, contending that, upon his withdrawal from WIC, the plaintiff no longer had standing to maintain any of his causes of action, which were all derivative in nature, or, alternatively, inter alia, to dismiss the fourth and fifth causes of action pursuant to CPLR 3211 (a) (4), on the ground that these causes of action were duplicative of causes of action in a related action pending in the Supreme Court. In an order dated July 6, 2016, the court found that, upon his withdrawal from WIC, the plaintiff no longer had standing to maintain any derivative causes of action. Therefore, it granted those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action. The court also granted those branches of the defendants' motion which were to dismiss the fourth and fifth causes of action as duplicative of causes of action asserted in the related action. The plaintiff appeals.

The Supreme Court properly concluded that, upon the plaintiff's withdrawal from WIC, he no longer possessed standing to maintain any derivative cause of action (*see Jacobs v Cartalemi*, 156 AD3d 605 [2017] [decided herewith]). Thus, the court correctly granted those branches of the defendants' motion which were for summary judgment dismissing the first, second, and third causes of action, as those causes of action alleged wrongs that were committed against WIC and not the plaintiff individually (*see Zuckerbrod v 355 Co., LLC*, 113 AD3d 675, 676 [2014]; *Mizrahi v Cohen*, 104 AD3d 917, 919 [2013]; *see also Tzolis v Wolff*, 10 NY3d 100 [2008]; *Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 577 [2008]).

The Supreme Court did not improvidently exercise its discretion in granting those branches of the defendants' motion which were to dismiss the fourth and fifth causes of action pursuant to CPLR 3211 (a) (4), as those causes of action were duplicative of causes of action brought against the same defendants in the related action (*see* CPLR 3211 [a] [4]; *Whitney v Whitney*, 57 NY2d 731, 732 [1982]; *Dec v BFM Realty, LLC*, 153 AD3d 497 [2017]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.