■ WILLIAM JACOBS, Individually and Derivatively on Behalf of WESTCHESTER INDUSTRIAL COMPLEX, LLC, Appellant-Respondent, v CHARLES CARTALEMI et al., Respondents-Appellants. [67 NYS3d 63]—

Appeal and cross appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated June 27,

2016. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, and fifth causes of action. The order, insofar as cross-appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action are granted; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff, William Jacobs, and the defendant Charles Cartalemi were the members of the defendant Westchester Industrial Complex, LLC (hereinafter WIC). At the time of the commencement of this action, the plaintiff held a 20% membership interest in WIC and Cartalemi held the remaining 80% interest. The plaintiff commenced this action on September 27, 2012, both individually and derivatively against Cartalemi and WIC, alleging five causes of action. His first cause of action sought an accounting, his second cause of action sought damages against Cartalemi for breach of fiduciary duty, his third cause of action sought the appointment of a receiver for WIC, his fourth cause of action sought the imposition of a constructive trust, and his fifth cause of action was to recover damages for waste. The plaintiff alleged, among other things, that since 2006, Cartalemi had unilaterally increased his salary and paid his family members excess wages; that Cartalemi had used space on WIC's property for his personal use and failed to pay WIC a fair rental price; and that Cartalemi had mismanaged and misappropriated funds from WIC.

During the pendency of this action, the plaintiff withdrew as a member of WIC effective December 1, 2015 (see Matter of Jacobs v Cartalemi, 156 AD3d 635 [2017] [decided herewith]). By notice of motion dated February 5, 2016, Cartalemi and WIC moved for summary judgment dismissing the complaint, contending that the plaintiff no longer had standing to maintain any of his causes of action, which were all derivative in nature. The plaintiff opposed the motion, contending, inter alia, that until such time as he was paid for his membership interest, he remained the equitable and beneficial owner of a 20% interest in WIC, and, therefore, was entitled to assert derivative claims. He also contended that, in any event, he could still maintain each of his causes of action as individual causes of action.

The Supreme Court, in an order dated June 27, 2016, granted those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, and fifth causes of action, and denied those branches of the motion which were for summary judgment dismissing the first and third causes of action. The plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, and fifth causes of action. The defendants cross-appeal from so much of the order as denied those branches of their motion which were for summary judgment dismissing the first and third causes of action.

"[M]embers of a limited liability company (LLC) may bring derivative suits on the LLC's behalf" (*Tzolis v Wolff*, 10 NY3d 100, 102 [2008]). In a derivative suit, "[t]he remedy sought is for wrong done to the corporation; the primary cause of action belongs to the corporation; [and] recovery must enure to the benefit of the corporation" (*Isaac v Marcus*, 258 NY 257, 264 [1932]; *see Marx v Akers*, 88 NY2d 189, 193 [1996]). In the context of a corporation, "the standing of the shareholder is based on the fact that . . . he [or she] is defending his [or her] own interests as well as those of the corporation" (*Tenney v Rosenthal*, 6 NY2d 204, 211 [1959]; *see Independent Inv. Protective League v Time, Inc.*, 50 NY2d 259, 263 [1980]). "Where the plaintiff voluntarily disposes of the stock, his [or her] rights as a shareholder cease, and his [or her] interest in the litigation is terminated. Being a stranger to the corporation, the former stockowner lacks standing to institute or continue the suit" (*Independent Inv. Protective League v Time, Inc.*, 50 NY2d at 263-264 [citations omitted]; *see Tenney v Rosenthal*, 6 NY2d at 211). The same is true in the context of an LLC. In order to maintain a derivative cause of action, a plaintiff must be a member of the LLC (*see Herman v Herman*, 122 AD3d 506, 507 [2014]; *Billings v Bridgepoint Partners, LLC*, 21 Misc 3d 535, 540 [Sup Ct, Erie County 2008]; *cf. Maldonado v DiBre*, 140 AD3d 1501, 1504 [2016]; *Ciullo v Orange & Rockland Utils.*, 271 AD2d 369 [2000]; *Rubinstein v Catacosinos*, 91 AD2d 445, 447 [1983], *affd* 60 NY2d 890 [1983]). Thus, the Supreme Court properly held that, once the plaintiff withdrew from WIC, he lost standing to maintain any derivative causes of action on behalf of the company, notwithstanding his possible right to a future payment for the value of his membership interest upon his withdrawal (*see Billings v Bridgepoint Partners, LLC*, 21 Misc 3d at 540; *Howe v Bank of N.Y. Mellon*, 783 F Supp 2d 466, 477 [SD NY 2011]).

In light of the plaintiff's lack of standing to maintain deriva-

tive causes of action on behalf of WIC, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, and fifth causes of action. "[A]llegations of mismanagement or diversion of assets by officers or directors to their own enrichment, without more, plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually" (*Abrams v Donati*, 66 NY2d 951, 953 [1985]). The subject causes of action, which sought damages for breach of fiduciary duty and waste, and the imposition of a constructive trust, respectively, were all based on alleged wrongs that were committed against WIC and not the plaintiff individually (*see Zuckerbrod v 355 Co., LLC*, 113 AD3d 675, 676 [2014]; *Mizrahi v Cohen*, 104 AD3d 917, 919 [2013]).

For those same reasons, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, which sought an accounting. "The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (*Palazzo v Palazzo*, 121 AD2d 261, 265 [1986]; *see Dee v Rakower*, 112 AD3d 204, 214 [2013]; *Lawrence v Kennedy*, 95 AD3d 955, 958 [2012]). Here, the plaintiff's right to an accounting was based on his ability to prove that Cartalemi breached his fiduciary duty to WIC, a claim that is entirely derivative and which the plaintiff, having withdrawn as a member from WIC, no longer had standing to maintain (*see Independent Inv. Protective League v Time, Inc.*, 50 NY2d at 263-264; *Tenney v Rosenthal*, 6 NY2d at 211; *Zuckerbrod v 355 Co., LLC*, 113 AD3d at 676; *Mizrahi v Cohen*, 104 AD3d at 919).

The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, which was for the appointment of a receiver. "The appointment of a receiver is not a form of ultimate relief that can be awarded in a plenary action, but rather, is limited as a provisional remedy (*see* CPLR 6401 [a]) or as an aid in post-judgment enforcement (*see* CPLR 5228)" (*Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678, 680-681 [2005]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.