## S&P Assoc. of N.Y. LLC v Dewald

### 2024 NY Slip Op 32187(U)

June 27, 2024

Supreme Court, New York County

Docket Number: Index No. 159779/2023

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LOUIS L. NOCK**                         **PART**                    **38M**

*Justice*

------------------------------------------------------------------------------X

S&P ASSOCIATES OF NEW YORK LLC,

                                    Plaintiff,

- v -

JEROME DEWALD, KRISTINA DEWALD, and AIRBNB,
INC.,

                                    Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159779/2023 |
| **MOTION DATE** | 11/27/2023, 11/27/2023 |
| **MOTION SEQ. NO.** | 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 94, 95, 103, 109, 115, and 122

were read on this motion by defendant Airbnb,
Inc.,                                   TO DISMISS THE COMPLAINT                    .

The following e-filed documents, listed by NYSCEF document numbers (Motion 005) 96, 97, 104, 105, 110, 111, 112, 113, 114, 117, 119, 120, 121, 124, 125, 126, and 129

were read on this motion by defendant Jerome
Dewald                                   TO DISMISS THE COMPLAINT                    .

LOUIS L. NOCK, J.

Upon the foregoing documents, and after oral argument convened on the record, it is

ordered that the motions to dismiss the verified complaint (the "Complaint"), filed by defendant

Airbnb, Inc. (Mot Seq. No. 004), and defendant *pro se* Jerome Dewald (Mot Seq. No. 005),

respectively, are consolidated herein for disposition and determined as follows.[1]

---

[1] The Complaint asserts the same causes of action against both Dewald defendants – Jerome Dewald and Kristina Dewald, who are husband and wife, and tenants of the subject apartment. Thus, the analysis herein applies to both of them notwithstanding the fact that Mr. Dewald – a *pro se* party – is the sole signatory of the notice of motion (NYSCEF Doc. No. 96). The court views both defendants, who are identical in interest, as the movants. To the extent that the within discussion and disposition refer to Mr. Dewald only, the intent is to include Ms. Dewald.

**159779/2023   S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL**
  **Motion No.  004 005**

Page 1 of 13

1 of 13

**Background**[2]

Plaintiff brings this action for violations of a lease and New York City's Local Law 18 for the year 2022 ("Local Law 18") (Administrative Code of the City of New York §§ 26-3101, *et seq.* and §§ 26-3201, *et seq.*). Plaintiff S&P Associates of New York LLC, the owner and landlord of a building located at 30 West 63rd Street in Manhattan (the "Building"), alleges that defendants, Jerome Dewald and Kristina Dewald ("Tenants"), are engaging in short-term rentals of their apartment through online platforms, including co-defendant Airbnb, Inc. ("Airbnb"). Plaintiff and Tenants entered into a lease, dated June 5, 2017, for an apartment within the Building (the "Premises"), which expired, by its terms, on August 31, 2020 (*see* Lease, exhibit A, NYSCEF Doc. No. 3). Tenants continued to occupy the Premises on a month-to-month basis subject to the terms of the expired lease.

The terms of the lease restrict the use of the Premises to the private residence of Tenants and their immediate family (*id.* at 1 ["Use of Apartment"]). A rider to the lease further prohibits short-term occupancy by individuals other than Tenants and their immediate family as well as advertising of the Premises by Tenants for short-term rental on Airbnb and similar platforms (*id.* at 11 ["Rider to the Lease"]). A violation of said provision constitutes a material breach of the lease (*see*, *id.*). As set forth in the affidavits of plaintiff's managing agent, Tenants allegedly advertised and rented out the Premises via Airbnb from March 2023 to November 2023 (Jeffrey Pirkl affidavit, NYSCEF Doc. No. 6 at 80). In addition to such alleged breach of lease and violation of Local Law, plaintiff alleges that such transient activity threatens the safety and well-being of residents of the Building.

---

[2] Allegations of the Complaint (NYSCEF Doc. No. 2) are taken as true for the purposes of these motions to dismiss.

**159779/2023   S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL**          **Page 2 of 13**
  **Motion No.  004 005**

2 of 13

In October 2023, plaintiff commenced this action seeking a permanent injunction against Tenants (first cause of action) barring them from engaging in short-term rentals of the Premises through Airbnb and other platforms, as well as against Airbnb (second cause of action) barring it from permitting Tenants to advertise or rent out the Premises on its platform and from releasing funds to Tenants gained from such rentals. Plaintiff also seeks a declaratory judgment (third cause of action) that the lease and Local Law 18 prohibit Tenants from procuring short-term rentals of the Premises and that Local Law 18 proscribes Airbnb from allowing the use of its platform for listing short-term rentals of the Premises. Furthermore, plaintiff brings claims for breach of contract (fourth cause of action) and unjust enrichment (fifth cause of action) against Tenants, as well as for civil penalties pursuant to Local Law 18 against Tenants (sixth cause of action). Defendants Airbnb and Jerome Dewald move to dismiss the complaint for failure to allege a cause of action. The motions are opposed.

**Standard of Review**

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). "[The court] accept[s] the facts as alleged in the complaint as true, accord[ing] plaintiffs the benefit of every possible favorable inference, and determin[ing] only whether the facts as alleged fit within any cognizable legal theory" (*id*. at 87-88). Ambiguous allegations must be resolved in plaintiff's favor (*JF Capital Advisors, LLC v Lightstone Group*, LLC, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002] [citations omitted]). "[W]here . . . the allegations consist of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by

**159779/2023   S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL**      **Page 3 of 13**
**Motion No.  004 005**

3 of 13

documentary evidence, they are not entitled to such consideration" (*Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 692 [1st Dept 1994]).

**Discussion**

A. *Local Law 18 (Sixth Cause of Action for Civil Penalties)*

Enacted in January 2022 and effective September 2023, Local Law 18, also known as the Short-Term Rental Registration Law, requires the registration of short-term rentals for fewer than 30 days with the Mayor's Office of Special Enforcement (the "OSE") (Administrative Code §§ 26-3101, *et seq.* and §§ 26-3201, *et seq.*). A host or person seeking to offer short-term rentals of a dwelling unit must first obtain a registration number from the OSE (*id.*, § 26-3102[a]). Registrations for short-term rentals will be issued only to either a dwelling unit's owner or a tenant who certifies that short-term rental is not prohibited by the terms of a lease (*id.*, § 26-3102[c][1]). A registered host must include the registration number in any advertisement on a booking service, such as Airbnb (*id.*, § 26-3103[b]). To collect a fee from a transaction, booking services must verify that short-term rentals listed on their platforms are properly registered with the OSE (*id.*, § 26-3202[a]). Booking services must also report data on these transactions monthly to the OSE (*id.*, § 26-3202[b]).

Local Law 18 does not confer an express private right of action, but plaintiff argues that one may be implied. "In New York, where a statute does not make express provision for a private remedy, such a remedy may be had only if a legislative intent to create such a right of action is 'fairly implied' in the statutory provisions and their legislative history" (*Ortiz v Ciox Health LLC*, 37 NY3d 353, 360 [2021] [internal quotation marks and citations omitted]). To determine whether an implied private right of action may be recognized, the court must evaluate three factors: "(1) whether the plaintiff is one of the class for whose particular benefit the statute

**159779/2023   S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL**          **Page 4 of 13**
**Motion No.  004 005**

4 of 13

[* 4]

was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" (*id.*, citing *Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]).  "The third factor . . . is the most important and typically turns on the legislature's choice to provide one particular enforcement mechanism to the exclusion of others because it demonstrates that the legislature considered and decided what avenues of relief were appropriate" (*Konkur v Utica Acad. of Sci. Charter Sch.*, 38 NY3d 38, 41 [internal quotation marks and citations omitted], *rearg denied* 38 NY3d 1002 [2022]).

### 1. *Plaintiff is One of the Class for Whose Particular Benefit the Statute was Enacted*

Contrary to Airbnb's contention, plaintiff qualifies under the first prong as a member of the class of persons that Local Law 18 was intended to benefit.  The statute provides that owners may notify the OSE that no short-term rental is permitted in their building (Administrative Code § 26-3102[l]).  Plaintiff alleges that it has registered the Building on such a "prohibited buildings list."  Insofar as plaintiff, as an owner, seeks to ban unlawful short-term rentals in its Building, it is a member of the class that the statute was designed to protect.

### 2. *A Private Right of Action Would Likely Promote the Legislative Purpose*

Recognizing a private right of action would likely promote the legislative purpose of Local Law 18.  The second factor involves a two-part inquiry into "(1) what the Legislature was seeking to accomplish in enacting the statute; and (2) whether a private right of action promotes that objective" (*Rhodes v Herz*, 84 AD3d 1, 10 [1st Dept], *appeal dismissed* 18 NY3d 838 [2011]).  "To that end, it is of course helpful to look at the statute's legislative history, such as amendments to the statute itself, and the memoranda and/or letters submitted during the legislative process" (*id.*).

**159779/2023   S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL**       **Page 5 of 13**
**Motion No.  004 005**

5 of 13

As its legislative history reveals, Local Law 18's registration scheme aims to address New York City's affordable housing crisis (*see,* Council of City of NY Intro No. 2309, Transcript of the Minutes of the Committee on Housing and Buildings [September 13, 2021] at 11). As the bill's sponsor, New York City Council Member Ben Kallos, stated, "Housing should be for New Yorkers, hotels should be for tourists . . . . When we pass this legislation, New York City's affordable housing crisis might get a little bit easier" by bringing short-term rental units "back on the market" for New Yorkers (*id.* at 9, 11). Councilmember Kallos explained, "Through the registration process, host[s] will learn [whether] it is legal to rent their units" (*id.,* at 10). According to testimony by Christian Klossner, the Executive Director of the OSE, "[the] OSE supports the intent of [the proposed bill] to provide a registration system for short-term rentals that comply with existing laws, and the tools to prevent unregistered activity from flourishing in a largely unregulated online marketplace" (Council of City of NY Intro No. 2309, Hearing Testimony for the Committee on Housing and Buildings [September 13, 2021] at 11).

A private right of action would, therefore, promote the statute's objective. The threat of private litigation would serve as an additional deterrent to hosts from offering short-term rentals without the proper registration, ensuring compliance with existing laws, and potentially shifting units away from the short-term rental market toward the housing market.

### 3. *However, a Private Right of Action Would Not be Consistent with the Legislative Scheme*

A private right of action appears inconsistent with the legislative scheme of Local Law 18, given its comprehensive enforcement framework. "The third factor is the most important and typically turns on the legislature's choice to provide one particular enforcement mechanism to the exclusion of others – a choice that should be respected by the courts" (*Ortiz*, 37 NY3d 353 at

**159779/2023 S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL**
**Motion No. 004 005**

**Page 6 of 13**

6 of 13

360 [citations omitted]; *see also, Konkur, supra*). "Indeed, the presence of alternative enforcement mechanisms is frequently determinative" (*Ortiz, supra*, at 361).

Local Law 18 designates OSE as the agency responsible for administering and enforcing its provisions, including through civil penalties. Hosts who violate the registration requirements are liable for a civil penalty of the lesser of $5,000 or three times the revenue generated by the short-term rental for each violation (Administrative Code § 26-3104[a]). For booking services, a violation of the verification requirements subjects them to a civil penalty of $1,500 or three times the fee collected from the offending transaction (*id.* § 26-3203[a]) and a violation of the reporting requirements triggers a civil penalty of the greater of $1,500 or the total fees collected in the preceding year for each unreported transaction (*id.* § 26-3203[b]).

An amendment to Local Law 18, on December 8, 2021, shows that the New York City Council bolstered the enforcement mechanisms at the OSE's disposal (Council of City of NY Intro No. 2309-A, proposing amendment to Administrative Code §§ 26-3101, *et seq.* and §§ 26-3201, *et seq.* [December 8, 2021]). New provisions empowered the OSE to issue notices of violation, administrative summonses, and appearance tickets for violations by hosts and booking services (*id.*, §§ 26-3104[e], 26-3203[c]). The amendment also authorized the OSE "to conduct investigations, to issue subpoenas, to receive evidence, to hear complaints regarding activities subject to this section, to hold public hearings, to take testimony and to promulgate, amend and modify procedures and practices governing such proceedings" (*id.*, §§ 26-3104[f], 26-3203[d]). The foregoing enforcement mechanisms present as comprehensively administrative, and, as a result, do not really lend themselves to any detectable inference of a legislative intent to share enforcement with private individuals or commercial entities.

**159779/2023   S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL**
**Motion No.  004 005**

**Page 7 of 13**

7 of 13

Equally telling is the fact that the City Council did include express provisions for a private remedy in other related chapters of Title 26 ("Housing and Buildings") of the Administrative Code. For example, the very chapter preceding Local Law 18 includes a provision conferring a private right of action for tenants in a smart access building against an owner or third party for unlawful sale of their data (Administrative Code § 26-3006 ["Private right of action"]). Another chapter contains a provision for a private right of action against persons who improperly condition residential occupancy on medical treatment (*id.*, § 26-1202 ["Private right of action"]). Comparing these other chapters which are also found in Title 26 and which expressly confer a private remedy, to Local Law 18, which contains no such express conferral of remedy, leads to the reasonable conclusion that the City Council did not intend for there to be a private right of action for violations of Local Law 18.

The court, thus, declines to find that a private right of action can be fairly implied under Local Law 18, as it would be inconsistent with its legislative scheme, presenting as exclusively administrative. Absent plaintiff's standing under the statute, the cause of action for civil penalties pursuant to Local Law 18 against Tenants (sixth cause of action) must be dismissed. Instead, as the statute lays out, plaintiff may bring complaints to OSE, and OSE alone may impose civil penalties for violations (Administrative Code § 26-3104).

*Local Law 18 (Third Cause of Action for a Declaratory Judgment)*

The declaratory judgment claim against Airbnb and the Dewalds (third cause of action), seeking a determination of the parties' rights and obligations under Local Law 18 is also dismissed. A claim for declaratory relief based upon violations of statutory or regulatory provisions may not be pled in the absence of a private right of action to enforce such violations (*Schlessinger v Valspar Corp.*, 21 NY3d 166, 171 [2013] [holding that parties may not attempt to

159779/2023   S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL          Page 8 of 13
Motion No.  004 005

8 of 13

[* 8]

create a private right of action through seeking a declaratory judgment that certain contractual provisions violated General Business Law § 395-a where no such right existed under the statute]; *Delgado v New York City Hous. Auth.*, 66 AD3d 607, 608 [1st Dept 2009] [holding that plaintiffs had no private right of action to enforce the Housing Maintenance Code and could not bring a declaratory judgment action seeking to enforce its provisions]).

#### Local Law 18 (Second Cause of Action for a Permanent Injunction Against Airbnb)

It follows from the foregoing that the cause of action for a permanent injunction (second cause of action) against Airbnb must also be dismissed. A claim for injunctive relief cannot be sustained absent an underlying substantive cause of action (*Weinreb v 37 Apartments Corp.*, 97 AD3d 54, 58-59 [1st Dept. 2012] ["injunctive relief is simply not available when the plaintiff does not have any remaining substantive cause of action against those defendants"]; *Talking Capital LLC v Omanoff*, 169 AD3d 423, 424 [1st Dept 2019]).

#### B. Permanent Injunction Against Tenants (First Cause of Action)

Defendant Jerome Dewald seeks to dismiss the cause of action for a permanent injunction seeking to enjoin Tenants' short-term lease activities (first cause of action). "To sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a violation of a right presently occurring, or threatened and imminent, that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor" (*Aponte v Est. of Aponte*, 172 AD3d 970, 974, [2d Dept 2019] [internal quotation marks and citations omitted]). Such a "drastic remedy . . . may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction" (*id.*).

**159779/2023 S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL**
**Motion No. 004 005**

**Page 9 of 13**

9 of 13

[* 9]

Plaintiff has submitted the affidavit of its managing agent – Jeffrey Pirkl – who attests that Tenants' short-term rentals of the Premises, in violation of the lease, "threatens the safety and well-being of other lawful occupants and their families in the Building, who are being wrongfully subjected to unsolicited interactions with unauthorized occupants therein" (NYSCEF Doc. No. 6 ¶ 34). Further along those lines, Mr. Pirkl attests that "Tenants have constructed an additional wall within the Premises for the purposes of creating another room to house transient visitors and short-term renters" (*id.*, ¶ 37) without Department of Buildings approval (*id.*, ¶ 27) and that "strangers" are allowed access to the Building by Tenants "at all hours of the night" (*id.*, ¶ 39). Such attestations are consistent with allegations in the Complaint to the same effect, which conclude with the resultant allegation that "Plaintiff has no adequate remedy at law" (*see*, Complaint ¶¶ 44-51). Considering the foregoing, in addition to the aspect of violation of Local Law, this court finds that ample basis exists in the pleading and motion record to sustain the cause of action for a permanent injunction subject, of course, to plaintiff's ultimate burden of proof at the trial of this action.

Thus, the motion to dismiss this cause of action is denied.

C. *Breach of Contract and Unjust Enrichment (Fourth and Fifth Causes of Action)*

Defendant Jerome Dewald moves to dismiss the breach of contract (fourth cause of action) claim. To state a claim for breach of contract, a plaintiff must allege "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (*Canzona v Atanasio*, 118 AD3d 837, 838 [2d Dept 2014]).

Here, plaintiff successfully pleads a cause of action for breach of contract by alleging the terms of the lease, that plaintiff performed its obligations under the lease, that Tenants breached

the lease by engaging in short-term rentals of the Premises, and that plaintiff has thereby been damaged.

Defendant Jerome Dewald also seeks to dismiss the unjust enrichment claim (fifth cause of action). The elements of a cause of action for unjust enrichment are that (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) it is against equity and good conscience to permit the defendant to retain what is sought to be recovered (*Mobarak v Mowad*, 117 AD3d 998, 1001 [2d Dept 2014]). The "essential inquiry" in an action for unjust enrichment is "whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Sperry v Crompton Corp.*, 8 NY3d 204, 215 [2007]; *see*, *Paramount Film Distrib. Corp. v State of N.Y.*, 30 NY2d 415, *rearg denied* 31 NY2d 709 [1972], *cert denied* 414 US 829 [1973]).

Here, plaintiff adequately alleges that Tenants have been unjustly enriched at its expense by collecting rent from Airbnb, while failing to pay rent to plaintiff since the expiration of the lease. Moreover, given that Mr. Dewald disputes the validity of the lease (*see*, NYSCEF Doc. No. 121 at 8), "it cannot be said at this early stage of the proceeding that th[is] claim[] [is] duplicative of the breach-of-contract claim[]" (*Sebastian Holdings, Inc. v Deutsche Bank AG*, 78 AD3d 446, 448 [1st Dept 2010]).

Accordingly, defendant Jerome Dewald's motion to dismiss the breach of contract claim (fourth cause of action) and unjust enrichment claim (fifth cause of action) is denied.

### D. *Other Claims*

Given the above and the fact that the current motion to dismiss is limited to assessing the legal sufficiency of the causes of action pled, the court denies defendant Jerome Dewald's request for an evidentiary hearing (Mot. Seq. No. 005) at this time.

**159779/2023   S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL**
**Motion No.  004 005**

**Page 11 of 13**

11 of 13

Finally, defendant Jerome Dewald's application for sanctions against plaintiff for alleged frivolous conduct is denied. The Uniform Rules for Trial Courts (22 NYCRR) § 130-1.1 provides that a court may impose financial sanctions on a party who engages in frivolous conduct. Frivolous conduct is defined as conduct that (1) is "completely without merit in law"; (2) is "undertaken primarily to delay or prolong resolution of the litigation, or to harass or maliciously injure another"; or (3) "asserts material factual statements that are false" (22 NYCRR 130-1.1[c]). Despite Mr. Dewald's belief that plaintiff brings the present action to harass him and frustrate another pending litigation (*Dewald v S&P Assocs. of N.Y.* LLC, Sup Ct, NY County, Aug. 29, 2019, index No. 654981/2019), the parties' complex litigation history alone affords no persuasive basis to find that plaintiff has engaged in frivolous conduct.

Accordingly, it is hereby

ORDERED that the motion to dismiss the complaint in its entirety as against defendant Airbnb, Inc. (Mot Seq. No. 004), is granted and, accordingly, the complaint is dismissed as against said defendant; and it is further

ORDERED that the motion by defendant Jerome Dewald to dismiss the causes of action asserted against him is granted insofar as concerns the third cause of action, for a declaratory judgment, and the sixth cause of action, for civil penalties under Local Law 18, but is otherwise denied and, accordingly, said third and sixth causes of action are dismissed; and it is further

ORDERED that the action is severed and continued against the remaining defendants, Jerome Dewald and Kristina Dewald; and it is further

ORDERED that the caption be amended to reflect the dismissal of the claims against Airbnb, Inc., and that all future papers filed with the court bear the amended caption, which shall read as follows:

**159779/2023   S&P ASSOCIATES OF NEW YORK LLC vs. DEWALD, JEROME ET AL**          **Page 12 of 13**
**Motion No.  004 005**

[* 12]

12 of 13

```
"--------------------------------------------------------------X
S&P ASSOCIATES OF NEW YORK LLC,            :

                    Plaintiff,             :

        -against-                          :

JEROME DEWALD and KRISTINA DEWALD,         :

                    Defendants.            :
--------------------------------------------------------------X"; and it is further
```

ORDERED that counsel for Airbnb, Inc., shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that defendants Jerome Dewald and Kristina Dewald are directed to serve an answer to the complaint within 20 days after the date of filing hereof.

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 6/27/2024 | | | | | | |
|-----------|---|---|---|---|---|---|
| **DATE** | | | | | **LOUIS L. NOCK, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | | GRANTED IN PART | X OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 13]